IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHOW-ME'S FRANCHISES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00409-JPG-SCW |
| ) | |
| BRAD SULLIVAN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Show-Me's Franchises, Inc.'s Motion (Doc. 28) for Summary Judgment and Plaintiff Show-Me's Franchises, Inc.'s Motion (Doc. 27) for Sanctions. Defendant has filed a response (Doc. 35) to Plaintiff's Motion for Summary Judgment and a response (Doc. 36) to Plaintiff's Motion for Sanctions.

**1. Background**

This matter arises from a Franchise Agreement between the Plaintiff Show-Me's Franchises, Inc. and Defendant Brad Sullivan. Show-Me's Franchises, Inc. is an Illinois Corporation with its principal office located in Edwardsville, Illinois. Defendant Brad Sullivan is a resident of Muncie, Indiana and a citizen of the State of Indiana.

Plaintiff filed a four count Complaint in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois (13-CH-278) on March 22, 2013, and the Defendant removed to this Court on April 29, 2013, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.

The Parties agree that on February 1, 2011, Defendant Brad Sullivan entered into a Franchise Agreement with Plaintiff for the operation of a Show-Me's Franchise in Muncie, Indiana. Both parties are alleging that the other failed to perform their duties and obligations

under the Franchise Agreement and the Defendant is further alleging that Plaintiff engaged in deceptive and fraudulent business practices.

Plaintiff is also alleging Tortious Interference with a Business Relationship and Defendant is also alleging that provisions of the Plaintiff Show-Me's Franchise Agreement are in direct violation of Illinois Franchise Disclosure Act (815 ILCS 705/5; 815 ILCS 705/16 and 815 ILCS 705/26); the Indiana Deceptive Franchise Practices Act (Ind. Code § 23-2-2.5 - 27); and general Indiana law.

The Court furthers notes that the Franchise Agreement contains an arbitration provision and that neither party has filed a motion for enforcement of the arbitration provision as required by 9 U.S.C.A. § 4.  As such, this Court will proceed to rule on the Motions at bar.

2. Analysis

   A. Motion for Summary Judgment

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial.  *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013).  Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways.  It may present

evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

In this matter, Defendant is arguing violations of Indiana law. Therefore, there must be a determination of the applicable state substantive law in order for the Court to make a determination on the Plaintiff's Motion.

The Franchise Agreement between the Plaintiff and Defendant contains a choice-of-law provision as follows:

> "<u>29.1 GOVERNING LAW</u>.
> Except to the extent governed by the United State Trademark Act of 1946 (Lanham Act, 15 U.S.C. § 1501, et seq.), this Agreement and the

relationship between Show-Me's and Franchisee shall be governed by the laws of the State of Illinois. The provisions of this Agreement with conflict with or are inconsistent with applicable governing law shall be superseded and/or modified by such applicable law only to the extent such provisions are inconsistent, All other provisions of this Agreement shall be enforceable as originally made and entered into upon the execution of this Agreement by Franchisee and Show-Me's." (Doc. 27-9, page 68).

"In disputes such as this one that arise from a contract, Illinois law respects the contract's choice-of-law clause as long as the contract is valid." *Kohler and Kohler v. Leslie Hindman, Inc.*, 80 F.3d. 1181, 1185 (7th Circuit, 1996).

However, Defendant argues that "a choice of law provision cannot contravene Indiana's franchise statute." He states that, "Show-Me's Franchises fails to acknowledge well-established precedent that holds it to be a violation of Indiana Deceptive Franchise Practices Act for a franchise agreement that is operated in Indiana to contain a choice of law provision that removes the protections of the Indiana Deceptive Franchise Practices Act" and cites to *Sheldon v. Munford, Inc.*, 950 F.2d 403, 407 (7th Cir. 1991). However, "Indiana law, following the Restatement, however, permits state public policy to override the contractual choice of law ***only*** if the state has a materially greater interest in the litigation than the contractually chosen state." *Wright-Moore Corp. v. Ricoh,* 908 F.2d 128, 132- 133 (7th Cir. 1990)(emphasis added). In *Wright-Moore,* the Court determined that such was the case since the franchise was incorporated and located in the state of Indiana; its witnesses and documents were there; the contract was negotiated there; and the contract was, in part, performed there.

In this matter, as in *Wright-Moore*, the franchise was located in the state of Indiana; its witnesses and documents are there; and the contract was performed there. The connection with the state of Illinois is that the Franchisor is an Illinois corporation with principal office located in

Illinois and it appears that at least some of the contract may have also been negotiated in Illinois. Illinois has a strong interest in protecting the rights of Illinois corporations; however, by the factors set out in *Wright-Moore,* Indiana has a materially greater interest in this litigation.

However, the Court notes that the Choice-of-Law provision at issues further states:

"The provisions of this Agreement which conflict with or in inconsistent with applicable governing law shall be superseded and/or modified by such applicable law only to the extent such provisions are inconsistent. All other provisions of this Agreement shall be enforceable as originally made and entered into upon the execution of this Agreement by Franchisee and Show-Me's." (Doc. 29-9, Section 29.1).

"Modification of a contract normally occurs when the parties agree to alter a contractual provision or to include additional obligations, while leaving intact the overall nature and obligations of the original agreement." *Schwinder v. Austin Bank of Chicago*, 348 Ill.App.3d 461, 468 (1st Dist. 2004).

As the parties have contracted to allow the provisions of the Agreement that conflicted with applicable governing to be superseded and/or modified, the Court will view the agreement so that it is consistent with the Indiana Deceptive Franchise Practices Act and the intent of the parties to have binding agreement. Under this view, the Court will disregard the choice of the laws of Illinois provision and restrict the non-compete clause from five years to three years. As such, the Agreement remains as contracted by the parties.

However, the Defendant is further arguing that he is entitled to rescind the contract under the Illinois Franchise Disclosure Act for Plaintiff's failure to provide require disclosures 14 days prior to the execution of the franchise agreement. (Doc. 35, pages 1 & 19).

Under the Illinois Franchise Disclosure Act, the disclosures must be provided to the

franchisee at least 14 days prior to the execution of the agreement or prior to making a payment to the franchisor or an affiliate in connection with the proposed franchise sale. 815 ILCS 705/5(2). Defendant argues that he purchased a building for the franchise and invested $380,000.00 prior to the signing of the Franchise Agreement and that the Plaintiff was involved in the selection of the restaurant location. However, Defendant fails to provide an exact date of the purchase or how the purchase of the building would constitute "making a payment" to the franchisor or an affiliate.

Further, Exhibit B to Plaintiff's Reply in Support of its Motion for Summary Judgment (Doc. 37) is a clearly the Receipt of a franchise disclosure document that complies with Illinois Franchise Disclosure Act. Defendant signed for the document on December 31, 2010 and entered into the Franchise agreement on February 1st, 2011. Therefore, the Defendant was in possession of the document for over 30 days – well beyond the required 14 days required by Illinois law. The Court would also note that the receipt not only addressed Illinois requirements, but also stated the necessary disclosure requirements under Indiana law.

Based upon Exhibit B, the Court finds that Plaintiff did comply with the Illinois Franchise Disclosure Act and the Defendant is not entitled to rescind the contract.

As the Court has viewed the agreement in accordance with Indiana law and further addressed the disclosure requirement under Illinois law, the Court must now determine the applicable state substantive law to be applied to the case as a whole. "It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Thus, this Court, sitting in Illinois,

will apply Illinois choice-of-law rules and a conduct a choice-of-law analysis.

"Illinois follows the Restatement (Second) of Conflict of Laws in making such decisions…Under traditional Illinois conflict of laws principles, the law of the place where the contract is performed and executed is applicable in determining the validity, construction and obligations of the contract.  Where performance and execution occur in different states, the law of the place of performance governs." *System Development Integration, LLC v. Computer Sciences Corp.,* 739 F.Supp.2d 1063, 1079-1080 (N.D. IL 2010).  In this matter, the contract was being performed in Indiana and therefore, Indiana law will be applied to this matter.

The Defendant argues that Plaintiff engaged in fraudulent conduct and such conduct voids the agreement.  The Court notes that the Defendant argues at length pertaining to the forged fire occupancy and accounting "cheat sheets".  The majority of the citing references to support this argument is based upon the Defendant's deposition citing hearsay from Mr. Hazlett, Sr., deceased.  "[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *System Development Integration, LLC v. Computer Sciences Corp.,* 739 F.Supp.2d 1063, 1068, citing *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

The Court would also note that Defendant "took no action to stop the fraud" although he knew the fraud was wrong and also participated in the "false and fraudulent act of manipulating" liquor sales into food sales.  Defendant fails to connect these frauds to an issue bearing on the validity of the contract.  It appears these frauds were conducted after the formation of the contract and that both parties participated in the wrongdoing.

Plaintiff further alleges fraud with regard to profit and loss statements that he claims he

was shown to indicate his potential profit and entice him into the Agreement.  He also alleges statements from the Plaintiff that "all you have to do is what we tell you" and "we will hold your hand" in arguing misrepresentation on the part of the Plaintiff.

Such statements or promises of potential profit cannot support fraud or misrepresentation claims.  "Indiana law expressly prohibits fraud or misrepresentation claims based on representations of future actions."  *Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d. 128 (7th Cir. 1990).

However, Defendant argues that the Plaintiff did not provide the proper training and support as required by the Franchise Agreement.  Defendant claims that he sought the assistance of the Plaintiff when he encountered difficulties and received little, if any, response.

As such, there is a factual dispute as to whether Plaintiff first breached the contract in failing to render assistance to the Defendant.

**B.  Motion for Sanctions**

"Sanctions under discovery rules are available if, and only if, party violates discovery order; absence of order precludes sanctions." *Brandt v. Vulcan, Inc.*, 30 F.3d 752 (7th Cir. 1994).  "The rule's plain language limits its applicability to situations where a court order has been violated.  Moreover, the caselaw reveals that Rule 37(b)(2) has been invoked only against parties who have disobeyed a discovery ruling of some sort." *Id* 756.

Although it appears that Defendant has, by his own admissions, failed to comply with the Plaintiff's discovery requests (Doc. 27, pg 10, responding that he did not search for document responsive to the discovery request), the Plaintiff failed to motion the court to compel Defendant to comply.  The Court notes that at the October 10th, 2013, hearing before Magistrate Judge Williams, neither Plaintiff nor its representative was present (Doc. 21).  That hearing addressed

discovery and Plaintiff would have had an opportunity to discuss the deficiencies in discovery with the Court. The October 10th, 2013, hearing was followed by a scheduled hearing on December 3, 2013 - which was canceled by the agreement of the Parties. Given that the close of discovery was December 6, 2013, the hearing on December 3, 2013 would have also allowed the Court to compel Defendant to comply with its discovery requests if the Plaintiff would have brought it to the Court's attention, or if the parties had an agreement with regard to discovery, allowed an extension of time for discovery compliance.

As no such action was taken, the Court did not enter an order that the Defendant failed to comply with. Therefore, the Court cannot at this time impose sanctions.

**C. Conclusion**

For the foregoing reasons, Plaintiff Show-Me's Franchises, Inc.'s Motion (Doc. 28) for Summary Judgment is **DENIED** and Plaintiff Show-Me's Franchises, Inc.'s Motion (Doc. 27) for Sanctions is **DENIED**. Fianl pre-trial is set for **January 7th, 2015** with trial to start on **January 26, 2015**. The Court expects the parties to be ready for trial.

**IT IS SO ORDERED.**

DATED:  12/11/2014

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**